Filed 12/2/15  P. v. Guilliam CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER DANIEL GUILLIAM,<br><br>    Defendant and Appellant. | E063855<br><br>(Super.Ct.No. FWV1404511)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gerard S. Brown, Judge.  Affirmed.

Kyle D. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**FACTUAL AND PROCEDURAL HISTORY**

A.      PROCEDURAL HISTORY

On October 22, 2014, a felony complaint charged defendant and appellant Christopher Daniel Guilliam with one count of second degree commercial burglary under Penal Code[1] section 459.

On October 31, 2014, defendant pled guilty. The trial court granted defendant probation for 36 months. As a condition of his probation, the court ordered defendant to serve 180 days in jail. The court also ordered defendant to pay a crime prevention fine of $41 under section 1202.5; a restitution fine of $300 under section 1202.4; and a court operations assessment of $60 under section 1465.8, subdivision (a)(1), and Government Code section 70373, subdivision (a)(1). The court also ordered and stayed a $300 probation revocation fine pending successful completion of probation under section 1202.44.

The court further ordered defendant to make restitution to the victim. On November 20, 2014, a probation officer submitted a restitution memorandum indicating the victim's losses amounted to $823. However, since the victim failed to submit documents supporting that amount, the probation officer recommended defendant pay $375 in restitution—the amount of cash the victim reported was missing. On December 2, 2014, the trial court followed probation's recommendation and ordered defendant to pay the victim $375 in restitution.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

On December 11, 2014, the court revoked defendant's probation for failure to report to his probation officer; an arrest warrant was issued. Defendant was apprehended in March of 2014.

Probation submitted a second restitution memorandum on May 28, 2015. The new restitution memorandum indicated the victim was claiming losses in the amount of $1,255. Again, no confirming documents were provided but the probation officer did recommended the restitution award be increased to $475.

Also on May 28, 2015, defendant's counsel made a motion pursuant to section 1170.18 (Proposition 47), to reduce defendant's charge to a misdemeanor. The trial court denied the motion because the theft occurred after regular business hours, and further, that the offense did not qualify as "shoplifting" under section 459.5, subdivision (a). The court modified defendant's probation order, requiring him to serve 220 days in county jail; thereafter, defendant's probation was reinstated.

On June 22, 2015, defendant filed a timely notice of appeal.

B.    FACTUAL HISTORY[2]

On October 21, 2014, at around 10: 30 a.m., the victim arrived at his barber shop to open for the day. Upon entering the shop, he realized both the cash register and change dispenser were missing, and the back door of the shop was open. The victim reviewed video surveillance and recognized the suspect; he called the sheriff's department.

---

[2] The parties stipulated that the police reports would serve as the factual basis of defendant's guilty plea.

An hour later, Deputy Mena arrived at the shop and interviewed the victim. The deputy also watched the surveillance video and noted the suspect's description in the report. At approximately 12:30 p.m., an "informant" advised the deputy that a possible suspect was in the parking lot of a nearby grocery store. The deputy made contact with the suspect; the suspect was later identified as defendant.

Defendant agreed to accompany Deputy Mena to the sheriff's station. While being interviewed, defendant admitted that he had committed the theft. Defendant said he pried open the back door and entered the shop; he then removed the cash register and change dispenser.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

In appellate counsel's brief before this court, counsel argues as a potential issue whether the trial court erred in denying defendant's petition for resentencing under Proposition 47.

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and

4

theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092; see § 1170.18, subd. (a).) A person who has already completed a felony sentence for an offense that is now a misdemeanor under Proposition 47 "may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

As relevant to the present case, Proposition 47 added section 459.5, which provides in part as follows: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while *that* establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a), italics added.) Shoplifting, as newly defined in section 459.5, is a misdemeanor, unless the offense was committed by certain ineligible defendants. (§ 459.5, subd. (a).)

In this case, defendant committed the crime of burglary at the victim's shop, when *that* business was not open for business. Hence, defendant's crime did not qualify as

5

shoplifting, a misdemeanor under section 459.5. The court, therefore, did not err in finding that defendant was ineligible for resentencing under Proposition 47.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

KING

Acting P. J.

CODRINGTON

J.

6